# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 13-CR-05-JHP |
| FERNANDO PALACIOS | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is the Defendant's Motion for Return of Property (Dkt. # 196) pursuant to Federal Rule of Criminal Procedure 41(g). Rule 41(g) provides that a person "aggrieved . . . by the deprivation of property may move for the property's return." A request under Rule 41(g) represents a means by which a criminal defendant can determine his rights in property. *In re Special Grand Jury 89-2*, 450 F.3d 1159, 1167 (10th Cir. 2006). A post-trial Rule 41(g) motion is treated as a civil complaint and construed as an equitable civil proceeding. *United States v. Clymore*, 245 F.3d 1195, 1201 (10th Cir. 2001). Because a Rule 41(g) proceeding is treated as a civil proceeding independent of the criminal case, a court must satisfy itself of subject matter jurisdiction. *See United States v. Copeman*, 458 F.3d 1070, 1071 (10th Cir. 2006) (concluding that court did not have subject matter jurisdiction over Rule 41(g) motion filed

by the defendant in his criminal case); *United States v. Downs*, 22 Fed. App'x 961, 963 (10th Cir. 2001) (same).

When property is seized and held by local law enforcement officials, as opposed to federal law enforcement officials, a federal court ordinarily lacks subject matter jurisdiction over a motion to return such property. *See Copeman*, 458 F.3d at 1071. Nonetheless, "there are some limited circumstances under which Rule 41([g]) can be used as a vehicle to petition for the return of property seized by state authorities." *Id.* (quoting *Clymore v. United States*, 164 F.3d 569, 571 (10th Cir. 1999)). "When property is seized by state officials, a movant can invoke Rule 41[g] [only] if: (1) federal authorities have actual possession of the property, (2) federal authorities have constructive possession of the property that was considered evidence in the federal prosecution, or (3) the state officials acted at the direction of federal authorities when the property was seized." *Downs*, 22 Fed. Appx. at 963. If a movant seeking the return of property in custody of state officials fails to show one of these three circumstances, a Rule 41(g) motion must be dismissed for lack of jurisdiction rather than denied. *See id.* (reversing district court's "denial" of the motion with instructions to "dismiss" the motion for lack of jurisdiction).

In this case, Defendant seeks the return of three items of personal property: (1) $560.00 in U.S. currency; (2) a cellphone; and (3) a wallet with personal identification that he argues were taken from him by federal authorities at the time of his arrest on December 13, 2012. (Dkt. # 196 at 1).

The United States responds that Defendant was not arrested on federal charges until June 24, 2013, that at the time of his arrest on federal charges, Palacios's attorney, Caroline Drummond, agreed to take his possessions, and that the only items federal authorities took from Palacios were two cell phones taken from Palacios pocket at the time of his arrest. (Dkt. # 209 at 2-3). The cell phones taken from Palacios at the time of his arrest on federal charges remain in the possession of the federal government, specifically, the DEA. (*Id*. at 3). The United States does not object to the returning of the cell phones. With respect to the other items Defendant seeks, namely, $560.00 in U.S. currency and a wallet with personal identification ("the contested items"), the government responds that these items are not, and have never been, in the possession of the United States. The government further notes that Defendant was arrested by local law enforcement on January 5, 2013, after a traffic stop unrelated to the federal investigation, and that $545 in cash was seized from Defendant on that occasion. Thus, the government asserts that Defendant must seek return of items seized during the January 5, 2013 traffic stop from the local authorities responsible for his state arrest and prosecution.

Defendant offers no support for the assertion that he was arrested at all on December 13, 2012, let alone that that the contested items of property were seized from him by federal authorities. The records cited by the government establish that U.S. currency was seized from Defendant by local officials in an unrelated traffic stop, and no evidence suggests that those officials were acting at the direction of federal officials. Thus, Defendant has shown no basis for federal subject matter jurisdiction over the contested items, and as to those items, his motion must be dismissed.

**IT IS THEREFORE ORDERED** that:

1. Defendant's motion (Doc. 188) is GRANTED in part and DISMISSED for lack of jurisdiction in part. It is GRANTED as to the cell phones, and it is DISMISSED for lack of jurisdiction with respect to the $560.00 U.S. currency and wallet with Palacios's personal identifications.

2. Defendant shall file a notice with the Court naming a designee to retrieve the cell phones no later than June 30, 2015.

3. The United States shall make the cell phones available to Defendant's designee.

4. If the cell phones are retrieved, the United States shall prepare acknowledgment of receipt to be executed by the designee receiving the property identified herein. The acknowledgment of receipt shall be filed of record in this case. If the items are not retrieved by August 15, 2015, the United States shall file a notice so stating.

**DATED** this 19th day of May, 2015.

James H. Payne
United States District Judge
Northern District of Oklahoma